UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 14-31 (JNE/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Plaintiff, | ) **PLEA AGREEMENT AND**<br>) **SENTENCING STIPULATIONS** |
| v. | ) **PURSUANT TO FED. R. CRIM. P.**<br>) **11(c)(1)(C)** |
| SAMUEL DAVID SHOEN, | )<br>) |
| Defendant. | ) |

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States of America and Defendant, SAMUEL DAVID SHOEN ("Defendant"), agree to resolve this case under the following terms and conditions. This plea agreement binds only Defendant and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** Defendant agrees to plead guilty pursuant to Counts 1, 2, 4, and 6 of the Indictment. Counts 1, 2, and 6 charge Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Count 4 charges Defendant with knowingly carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). In consideration of Defendant's agreement to plead guilty to Counts 1, 2, 4, and 6, the Government agrees to dismiss Counts 3, 5, and 7 of the Indictment upon sentencing.



FILED OCT 9 2014
RICHARD D. SLETTEN
JUDGMENT ENTD _____
DEPUTY CLERK _____

CC: AUSA

2. **Stipulated Factual Basis.** Defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

   a. On December 11, 2013, the Saint Paul Police Department (SPPD), coordinated a controlled purchase of a firearm from Defendant. Defendant met with the purchaser at the parking lot of a restaurant in Saint Paul, Minnesota, to complete the transaction. There, Defendant sold a fully automatic SM10 machinegun to the purchaser in exchange for $3,500.00. Law enforcement determined that the SM10 machinegun was stolen.

   b. On December 17, 2013, law enforcement located a vehicle wherein Defendant was the front seat passenger. Police attempted to stop the vehicle, and while doing so, officers observed "something" being thrown from the passenger side of the car. Investigators later recovered this object which was approximately 11 grams of a substance or mixture containing methamphetamine. The vehicle did not stop for police and, accordingly, officers initiated a pursuit intervention technique or "PIT" stop maneuver to force the car off the road.

   c. Following the traffic stop and Defendant's arrest, police officers recovered a Smith & Wesson .40 caliber pistol from the front passenger seat floorboard and a Sig Sauer AR-15 assault rifle in the trunk of the vehicle. The Sig Sauer AR-15 is a semiautomatic firearm that is capable of accepting a large capacity magazine. Law enforcement determined that the Sig Sauer AR-15 assault rifle was stolen.

   d. The defendant stipulates and agrees that he was a prohibited from possessing firearms because he had been previously convicted of at least two crimes punishable by imprisonment for a term exceeding one year: 1) Terroristic Threats, Dakota County, 1998; and 2) Felon in Possession of a Firearm, Dakota County, 2000.

   e. Defendant stipulates and agrees that the firearms in Counts 1, 2, and 6 of the Indictment were manufactured outside the State of Minnesota and necessarily travelled in or affected interstate commerce before Defendant came to possess them.

f.  Defendant stipulates and agrees that he knowingly possessed the firearms in Counts 1, 2, and 6 of the Indictment, that he acted voluntarily, and that he knew his actions violated the law.

g.  Defendant stipulates and agrees that he knowingly carried a Smith & Wesson .40 caliber pistol during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States namely, Possession with Intent to Distribute Methamphetamine.

3.  **Statutory Penalties**. The parties agree that Counts 1, 2, and 6 of the Indictment carry the following statutory penalties:

    a.  a maximum of 10 years imprisonment;

    b.  a supervised release term of not more than 3 years;

    c.  a fine of up to $250,000;

    d.  a mandatory special assessment of $100.

The parties agree that Count 4 of the Indictment carries the following statutory penalties:

    a.  a mandatory minimum of 5 years imprisonment and a maximum of life imprisonment, to be served consecutive to any sentence imposed by Counts 1, 2, and 6;

    b.  a term of supervised release up to 5 years;

    c.  a fine of up to $250,000;

    d.  a mandatory special assessment of $100.

4.  **Guideline Calculations**. The parties acknowledge Defendant is agreeing to a stipulated term of imprisonment pursuant Fed. R. Crim. P. 11(c)(1)(C). If such a stipulated term did not apply, the following guideline calculations could have been considered by the Court in determining Defendant's sentence:

    a.  Base Offense Level. Taking into account the grouping of the similar firearms counts in Counts 1, 2, and 6 (U.S.S.G. §§3D1.2(d),

3

3D1.3(b)) the parties agree that the guideline that produces the highest offense level is §2K2.1(a)(4)(B). The parties agree that the base offense level for Counts 1, 2, and 6 is Level 20 because in Count 6 Defendant possessed a semiautomatic firearm that was capable of accepting a large capacity magazine and was a prohibited person at the time of the offense. (U.S.S.G. §2K2.1(a)(4)(B)).

The parties agree that the guideline sentence for Count 4 is found in §2K2.4 of the Guidelines Manual. The guideline sentence is the minimum term of imprisonment required by statute which, for a first conviction under the statute, is 5 years consecutive to any sentence imposed on Counts 1, 2, and 6.

b. <u>Specific Offense Characteristics</u>. The parties agree that the offense level should be increased by 2 levels because the offense involved three firearms. (U.S.S.G. §2K2.1(b)(1)(A)). The parties also agree that the offense level should be increased by 2 levels because the offense in Count 1 involved a stolen firearm. (U.S.S.G. §2K21.1(b)(4)). The parties also agree that the offense level should be increased by 4 levels because Defendant possessed the firearms in Counts 2 and 6, in connection with another felony offense, namely possession of methamphetamine with intent to distribute. Therefore, the total offense level is Level 28. The parties agree that no other specific offense characteristics apply in this case.

c. <u>Acceptance of Responsibility and Other Chapter Three Adjustments</u>. The parties agree that the offense level should be increased by 2 levels because Defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from law enforcement. (U.S.S.G. §3C1.2). Therefore, the total offense level is Level 30.

The parties agree that if Defendant (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the government agrees to recommend that Defendant receive a two-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(a), and to move for an additional one-level reduction under §3E1.1(b). Whether there will be a reduction for acceptance of responsibility shall be determined

4

by the Court in its discretion. Taking into account the applicable Chapter 3 adjustments and acceptance of responsibility, the adjusted offense level is Level 27. The parties agree that no other Chapter Three adjustments apply in this case.

d. <u>Criminal History Category</u>. Based on the information currently available to the parties, Defendant appears to have a criminal history category of III. Defendant's actual criminal history will be determined by the Court based on the information presented in the presentence investigation and by the parties at the time of sentencing. If Defendant's criminal history category is other than Category III, that will not be a basis for either party to withdraw from this plea agreement.

e. <u>Guideline Range</u>. If Defendant's adjusted offense level is 27 (total offense level of 30, decreased by three levels for acceptance of responsibility), and his criminal history category is III, the guideline range for Counts 1, 2, and 6 would be 87 to 108 months imprisonment. Defendant's guideline sentence for Count 4 is five years (60 months) imprisonment to be served consecutive to the term of imprisonment on Counts 1, 2, and 6. (U.S.S.G. §2K2.4(b)). This results, in effect, in a guideline range of 147 to 168 months imprisonment.

5. **Stipulated Term of Imprisonment**. Defendant understands and acknowledges that in consideration for his plea, the Government agrees that it will not seek a Superseding Indictment charging Defendant with: 1) possessing 5 grams or more of actual methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B); and 2) carrying a Sig Sauer AR-15 semiautomatic assault rifle during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(B). Carrying a semiautomatic assault rifle during and in relation to a drug trafficking crime is punishable by a consecutive term of imprisonment of not less than 10 years. Defendant understands that had he been found guilty on the Superseding Indictment, the ten year mandatory minimum would have been consecutive to any other term of imprisonment the

5

court imposed on any other count. Defendant understands that in accordance with the Government's concession not to supersede the Indictment, and not to seek consecutive sentences on the non-924(c) counts, Defendant will not face potential sentencing that would have otherwise included a Guideline sentence of 151–188 months' imprisonment and a consecutive ten-year mandatory minimum for the violation of 18 U.S.C. § 924(c)(1)(B), resulting in a penalty landscape of 255–288 months imprisonment, or perhaps more if the Government successfully advocated for consecutive sentences on some of the counts.

Based on the facts and circumstances in this case, the United States and Defendant agree that, pursuant to Fed. R. Crim. P. 11(c)(1)(C), a 180-month sentence is appropriate after consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). Both Parties shall advocate a sentence of 180 months at sentencing. By accepting this Plea Agreement, the Court agrees to sentence Defendant to 180 months imprisonment. If the Court does not accept the Plea Agreement, then the Agreement is null and void, and the Parties may then proceed to trial on all charges included in the indictment or a superseding indictment.

6. **Fine Range**. For Counts 1, 2, and 6, since the adjusted offense level would be 27, the fine range will be $12,500 to $125,000. (U.S.S.G. §5E1.2(c)). For Count 3, the maximum fine is $250,000. (U.S.S.G. §5E1.2(b); 18 U.S.C. § 3571(b)(3)).

7. **Supervised Release**. For Counts 1, 2, and 6, the Sentencing Guidelines call for a term of supervised release of at least one year but not more than three years. (U.S.S.G. §5D1.2(a)(2)). For Count 4, the Sentencing Guidelines call for a term of

supervised release of at least two years but not more than five years. (U.S.S.G. §5D1.2(a)(1)).

8. **Revocation of Supervised Release**. Defendant understands that if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

9. **Special Assessments**. The guidelines require payment of a special assessment in the amount of $100. U.S.S.G. §5E1.3. Defendant agrees to pay the special assessment prior to sentencing.

10. **Waivers of Appeal**. The defendant understands that 18 U.S.C. § 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal defendant's sentence. The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

11. **FOIA Request Waiver**. Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

12. **Forfeiture**. The defendant agrees to forfeit to the United States all of the defendant's right, title and interest in the property described in the Forfeiture Allegations of the Indictment.

13. **Complete Agreement**.  This is the entire agreement and understanding between the United States and Defendant.  There are no other agreements, promises, representations, or understandings.

Dated: 10/9/14

ANDREW M. LUGER
United States Attorney

BY: JULIE E. ALLYN
Assistant United States Attorney

Dated: 10/9/14

SAMUEL DAVID SHOEN
Defendant

Dated: 10/9/14

RYAN M. PACYGA
Attorney for Defendant